IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TYLER S. PHILLIPS,**

    **Plaintiff,**

v.                                                                                      No. 20-cv-0107 WJ/SMV

**CURRY COUNTY DETENTION CENTER and
ROOSEVELT COUNTY DETENTION CENTER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL AND FOR COPIES

THIS MATTER is before the Court on Plaintiff's Motion [Doc. 22], seeking appointment of counsel, docketed on November 19, 2020; Plaintiff's Motion [Doc. 15], seeking copies of every document on the record, docketed on May 11, 2020; and Plaintiff's Motion [Doc. 19], also seeking copies of every document on the record, docketed on October 21, 2021. In this 42 U.S.C. § 1983 action, Plaintiff is incarcerated, proceeding pro se, and proceeding *in forma pauperis*. [Doc. 13]. For the reasons stated below, the Court will deny the Motions.

Federal courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases, such as this one. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Where, as here, a plaintiff has been granted leave to proceed *in forma pauperis*, the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to appointment of counsel in a civil case. *Beaudry v. Corrs. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991)). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985)).

The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. At this time, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims. Accordingly, the Court will deny the Motion to appoint counsel.

In Plaintiff's Motions [Docs. 15, 19], he requests copies of everything in the Court record in this case. The Court has already served Plaintiff with a copy of every filing on the Court record. There is no authority for the Court to provide Plaintiff with additional copies. The Court will deny Plaintiff's request but will direct the Clerk to send Plaintiff a copy of the Court docket for this case at no cost. If Plaintiff identifies a specific document or documents that he would like copied, he may request copies from the Clerk of the Court and pay the copying costs in accordance with the Local Rules. *See* D.N.M.LR-Civ. 79.3 ("Fees for Copies of Documents. The Clerk will charge the statutory fee to provide copies of documents. A person who requests that copies be mailed must provide a pre-addressed, stamped envelope, unless otherwise approved by the Clerk."). The statutory fee for copies is $.50 per page. *See* 28 U.S.C. § 1914(b) (providing for fees "as are prescribed by the Judicial Conference of the United States"); Judicial Conference Schedule of Fees ("The fees included in the District Court Miscellaneous Fee Schedule are to be charged for services provided by the district courts. . . . 4.a. For reproducing any record and providing a copy in paper

form, $.50 per page.") (2020). The complete filings in this record comprise 84 pages. Therefore, to obtain a copy of each filing in his case, Plaintiff must submit to the Clerk of Court a check in the amount of $42 and a pre-addressed stamped envelope with sufficient postage to cover the costs of mailing.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion [Doc. 22], seeking appointment of counsel, is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motions [Docs. 15, 19], both seeking copies of every document on the record, are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk mail Plaintiff a copy of the Court's docket for this case.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**