IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TYLER S. PHILLIPS,

      Plaintiff,

vs.                                                 No. CV 20-00107 WJ/SMV

CURRY COUNTY DETENTION CENTER, and
ROOSEVELT COUNTY DETENTION CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Complaint and Amended Complaints for violation of civil rights ("Complaints") filed by Plaintiff Tyler S. Phillips (Doc. 1, 4, 11, 18, 26). The Court will dismiss the Complaints without prejudice for failure to comply with Court orders and failure to prosecute.

The Court notified Plaintiff Phillips of his obligation to keep the Court advised of his correct mailing address in its Pro Se Prisoner Case Management Order entered March 17, 2020. (Doc. 9). The record reflects that certain mailings to Plaintiff Tyler S. Phillips were returned as undelivered (*see* Doc. 20, 23, 28). The Court issued its first Order to Show Cause on November 12, 2020. (see Doc. 21). At the time of filing of this case, Plaintiff Phillips was incarcerated at the Curry County Detention Center. He was released from the Curry County Detention Center on September 25, 2020 without providing the Court with a new address. (Doc. 21). Phillips did not respond directly to the Order to Show Cause. However, he sent filings to the Court bearing a new return address in Grants, New Mexico. (Doc. 24, 25, 26).

1

Mail sent to Phillips at the Grants, New Mexico address is also being returned as undeliverable. (Doc. 28). The Court issued a Second Order to Show Cause on March 16, 2021 directing Plaintiff Phillips to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 29). More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Phillips has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Phillips has failed to comply with D.N.M. LR-Civ. 83.6, with the Court's November 12, 2020 and March 16, 2021 Orders to Show Cause (Doc. 21, 29), and with the Court's March 17, 2020 Case Management Order (Doc. 9).

Plaintiff Phillips has failed to comply with the Court's orders and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and failure to prosecute this proceeding.

**IT IS ORDERED** that the Complaint and Amended Complaints for violation of civil rights filed by Plaintiff Tyler s. Phillips (Doc. 1, 4, 11, 18, 26) are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders and failure to prosecute.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE